OPINION
{¶ 1} Appellant Drusilla A. Ritenour appeals the January 5, 2006 Judgment Entry of the Tuscarawas County Court of Common Pleas which modified the terms of her community control sanctions. The appellee is the State of Ohio.
 {¶ 2} By Judgment Entry filed June 12, 2003, the appellant was sentenced on twelve counts of theft in violation of R.C.2913.02, felonies of the fifth degree.
 {¶ 3} Appellant was granted community control sanctions for a period of five years, with the requirement that she follow certain terms and conditions of supervision, including but not limited to, making monthly payments of no less than $1,000.00 towards the restitution and court costs. The restitution ordered to be paid totaled $46,016.58.
 {¶ 4} By Judgment Entry dated April 23, 2004, appellant was granted a modification to the terms of repayment of restitution for a period of six months. Specifically, the appellant was permitted to make a minimum payment of $500.00 per month toward restitution beginning with the month of April 2004, and ending with September 2004. At that time, the Court ordered that the appellant shall make a minimum payment of $1,000.00 per month towards restitution beginning with October 2004.
 {¶ 5} On August 4, 2005, the State of Ohio filed a Motion to Revoke Community Control or Modify Former Order alleging that since being placed on supervision, the appellant had failed to comply with the Court ordered restitution payments.
 {¶ 6} On September 26, 2005 the trial court conducted an evidentiary hearing upon the State's motion to revoke or modify. At that hearing the evidence presented showed that the appellant was granted permission to move to Elyria, Ohio, for purposes of accepting employment which she represented would provide her with substantial income for purposes of paying restitution.
 {¶ 7} The appellant testified that she worked for a company which raises funds for a law enforcement fraternal organization. She stated that she is paid in cash and presented petty cash receipts for certain payments. The appellant also presented as evidence two forms, 1099-Misc, Miscellaneous Income Statements for the years 2003 and 2004. The 2003 form lists the payer as Charles V. Lambert of Dover, Ohio, and shows non-employee compensation of $2,914.47. In 2004, the payer's name appears to be Robert Yanke, Jr., of Elyria, Ohio, and the non-employee compensation is $11,658.24. The appellant presented no income tax returns for any year.
 {¶ 8} The trial court further found that the appellant's current employment includes the fundraising job for the law enforcement fraternal organization as well as a part-time employment with Oberlin schools. The appellant testified that she has been on a substitute list since the end of August 2005 and that after three months, the employer will determine whether to put her on full time. The appellant is currently earning $9.00 per hour for working one to two days per week. If she is hired full time, she will earn $14.10 per hour.
 {¶ 9} At the conclusion of the September 26, 2005 evidentiary hearing the court made the following findings and orders:
 {¶ 10} "The Court FINDS that the Defendant asserts that she can make payments in the amount of $400.00 per month at this time.
 {¶ 11} "The Court FINDS that it would be appropriate to defer final ruling on the merits of the Motion to Revoke or Modify for a period of 90 days to determine the sincerity of the Defendant in future compliance with this Court's orders.
 {¶ 12} "The Court further FINDS that it would be appropriate to review this matter in 90 days to allow counsel for both sides to review the applicable law regarding what sanctions are available for this type of non-compliance.
 {¶ 13} "It is therefore ORDERED that the final ruling on the Motion to Revoke or Modify shall be deferred.
 {¶ 14} "It is further ORDERED that the Defendant shall make payments in an amount no less than $400.00 per month on or before October 20, 2005, November 20, 2005, and December 20, 2005.
 {¶ 15} "It is further ORDERED that the Defendant shall seek work at no less than 20 places per month and provide written verification of the same to the Supervising Officer until full-time verifiable employment is obtained.
 {¶ 16} "It is further ORDERED that the Defendant shall provide written verification of employment to the Adult Parole Authority with a signed release to allow the Adult Parole Authority to make inquiry regarding the nature of the employment, hours and pay rate.
 {¶ 17} "It is further ORDERED that this matter shall come before the Court for a Review Hearing on December 27, 2005, at8:30 a.m. The Defendant is ORDERED to appear at that time." Judgment Entry, filed October 7, 2005. (Emphasis in original).
 {¶ 18} Pursuant to the trial court's order the appellant made payments in October 2005 of $400.00; November 2005 of $505.00 and $400.00; and in December 2005 of $400.00. Appellant submitted as evidence a handwritten list concerning her attempts to seek employment which covered a time period of September 27, 2005 to October 12, 2005. Appellant further presented as evidence a single pay stub from the Oberlin School District. Appellant did not testify at the hearing.
 {¶ 19} At the conclusion of the hearing, the trial court found that appellant had failed to comply with the court's October 7, 2005 order. Specifically, the trial court found that appellant did not provide documentation of at least 20 places where appellant had sought employment in each month between October 2005 and December 2005 and that appellant had failed to provide the Adult Parole Authority with a written release and verification of employment.
 {¶ 20} By Judgment Entry filed January 5, 2006 the trial court ordered, among other conditions, that appellant serve a term of 30 days incarceration in the county jail.
 {¶ 21} It is from the trial court's January 5, 2006 Judgment Entry modifying the terms of her community control sanctions that appellant has appealed raising the following five assignments of error:
 {¶ 22} "I. IT VIOLATES THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION TO REVOKE SOMEONE'S PROBATION SIMPLY BECAUSE HE OR SHE IS TOO POOR TO PAY RESTITUTION AND THE RECORD SHOWS NO EVIDENCE THAT THE FAILURE TO PAY WAS WILLFUL OR INTENTIONAL OR THAT THE FAILURE TO OBTAIN EMPLOYMENT, IN ORDER TO PAY, WAS WILLFUL OR INTENTIONAL.
 {¶ 23} "II. ADDITIONAL JAIL TIME FOR A PROBATIONER WHO HAS MADE A GOOD FAITH EFFORT WILL [SIC.] WITHIN HER ABILITY TO PAY RESTITUTION, IS UNREASONABLE AND, FOR THAT REASON, ERROR.
 {¶ 24} "III. A COURT ALWAYS COMMITS ERROR IN MAKING A DECISION UPON FACTS OUTSIDE THE RECORD.
 {¶ 25} "IV. A COURT WHICH IS DISSATISFIED WITH ITS ORIGINAL SENTENCING CANNOT USE A PROBATION REVOCATION MOTION AS A VEHICLE FOR RESENTENCING.
 {¶ 26} "V. IT IS ERROR TO MODIFY PROBATION WHEN THE CHARGING DOCUMENT DOES NOT GIVE NOTICE OF THE GROUND UPON WHICH PROBATION IS MODIFIED."
 I, II. III. IV. V. {¶ 27} Appellant's assignments of error concern the trial court's ability to impose a sentence of incarceration in a county jail for violation of community control sanctions. We will address the errors together.
 {¶ 28} There is no dispute that appellant did not pay the required amount of $1,000.00 per month in restitution as ordered in the trial court's original sentencing entry filed June 12, 2003. There is no dispute that appellant was employed and did make payments totaling $4,586.00 between October 2003 and September 2005. The questions of whether appellant willfully failed to pay the required amount and/or whether appellant was willfully underemployed were addressed by the parties at the hearing held September 26, 2005. In an effort to be fair to the appellant, and to test her sincerity in complying with the Court's orders, the trial judge modified the terms of appellant's community control sanctions at the conclusion of that hearing. The trial court is expressly given the discretion to modify the terms of community control sanctions by statute.
 {¶ 29} R.C. 2929.15(B) states, in relevant part, "[i]f the conditions of a community control sanction are violated . . ., the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16,2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code . . ."
 {¶ 30} R.C. 2929.16(A) (2) allows a trial court to impose up to six (6) months in the county jail for a violation of the terms of community control sanctions. R.C. 2929.17(J) permits a trial court to include in its order a requirement that the offender obtain employment. R.C. 2929.18(A) (1) permits a court to order restitution.
 {¶ 31} By Judgment Entry filed October 7, 2005 the trial court memorialized the conditions of the modification of community control sanctions that it had orally given to appellant at the hearing held on September 26, 2005. (T. at 53-54). There is no dispute that appellant made the required payments of a minimum of $400.00 per month for the months of October, November, and December, 2005. However, the Court further ordered that appellant "seek work at no less than 20 places per month and provide written verification of the same to the Supervising Officer until full-time verifiable employment is obtained; and to provide written verification of employment to the Adult Parole Authority with a signed release to allow the Adult Parole Authority [APA] to make inquiry regarding the nature of employment, hours and pay rate". The trial court further told the appellant "if Mrs. McDonald's office doesn't have some kind of seek work order form, we'll see that you get one, okay . . ." (Id. at 54).
 {¶ 32} By Judgment Entry filed January 5, 2006, the trial court found that appellant failed to produce evidence that she complied with the court's order to provide written verification of her attempts to seek employment at twenty(20) places per month for the months of October, November, and December, 2005. The trial court found that appellant only provided her own handwritten list of places she applied for work with dates ranging from September 27 to October 12, 2005.
 {¶ 33} The trial court further found that appellant did not provide evidence that she provided written verification of employment to the Adult Parole Authority with a signed release. The only evidence produced by appellant was a single pay stub, dated December 9, 2005 for a net pay of $21.22 from the Oberlin School District.
 {¶ 34} As a sanction for violating the court's express orders, the trial court ordered appellant, among other sanctions, to serve a 30 day jail sentence.
 {¶ 35} Interestingly, appellant does not address her failure to produce evidence that she complied with the trial court's requirements concerning the seek work order and the written employment verification order in her brief. Appellant instead attempts to frame the issue as one where she is being sent to jail because she is too poor to pay restitution. Beardon v.Georgia (1983), 461 U.S. 660. That argument is misplaced. Appellant's income has nothing to do with the fact that she did not provide the court with written verification that she was seeking work or gainfully employed. Appellant provided no explanation during the hearing held December 27, 2005 for her failure to seek work or provide verification of employment and a release to the APA. The record contains no evidence as to why appellant was unable to comply with these express provisions. Clearly the trial court had grounds to modify appellant's community control sanctions for violations by the appellant independent of any violation for failure to pay the original amount of $1,000.00 on her restitution obligation for which it could lawfully impose a sentence of incarnation.
 {¶ 36} In a probation revocation proceeding, the prosecution need not produce evidence establishing a probation violation beyond a reasonable doubt. Rather, the prosecution must present substantial proof that a defendant violated the terms of his or her probation. State v. Hylton (1991), 75 Ohio App.3d 778,600 N.E.2d 821; State v. Mingua (1974), 42 Ohio App.2d 35,327 N.E.2d 791; State v. Umphries (June 30, 1998), Pickaway App. No. 97CA45, unreported. Accordingly, in order to determine whether a defendant's probation revocation is supported by the evidence, a reviewing court should apply the "some competent, credible evidence" standard set forth in C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. SeeState v. Umphries (July 9, 1998), Pickaway App. No. 97CA45;State v. Puckett (Nov. 12, 1996), Athens App. No. 96CA1712. This highly deferential standard is akin to a preponderance of evidence burden of proof. See State v. Kehoe (May 18, 1994), Medina App. No. 2284-M. We see no difference in the standard of review between a probation violation and a violation of community control sanctions.
 {¶ 37} Once a court finds that a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion. See State v. Scott (1982),6 Ohio App.3d 39, 452 N.E.2d 517; Umphries, supra; State v.Conti (1989), 57 Ohio App.3d 36, 565 N.E.2d 1286; State v.Daque (Aug. 11, 1997), Ross App. No. 96CA2256. Thus, a reviewing court will not reverse a trial court's decision absent an abuse of discretion. State v. Sheets (1996), 112 Ohio App.3d 1,677 N.E.2d 818.
 {¶ 38} We find that the record contains sufficient evidence to support a finding that appellant did not make a bona fide effort to comply with the trial court's Judgment Entry filed October 7, 2005 which modified the terms of her community control sanctions for the period from October through December, 2005. Unlike the situation in Bearden, the trial court here clearly based its decision to impose a more restrictive community control sanction, i.e. a 30 day jail sentence, upon factors unrelated to appellant's income. After hearing and reviewing the evidence the trial court found that appellant had not demonstrated sufficient efforts to comply with the terms requiring her to seek employment at no less than 20 places per month and requiring appellant to provide written verification of employment and a release in order to provide the ADA an opportunity to verify that employment. We do not find the trial court relied upon any evidence or facts outside the record in making these findings.
 {¶ 39} After reviewing the record, we find that it clearly supports the trial court's finding that appellant had not demonstrated sufficient efforts to comply with the trial court's orders concerning the seek work and written verification requirements. Thus, the trial court did not abuse its discretion by imposing a more restrictive community control sanction, i.e. a 30 day jail sentence, upon factors unrelated to appellant's income. As previously noted, the trial court has express statutorily authority to modify the terms of community control. Thus, no re-sentencing has occurred. Appellant was given both oral and written notice of the terms of the modification at the September 26, 2005 hearing and by Judgment Entry filed October 7, 2005. Accordingly, there are no grounds to assert a due process violation based upon lack of notice. Appellant did not appeal the trial court's original sentence filed June 12, 2003 which imposed the condition of $1,000.00 per month in restitution. Accordingly, any argument that the original imposition of that condition was error has been waived.
 {¶ 40} Appellant's five assignments of error are overruled.
 {¶ 41} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Gwin, P.J., Hoffman, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellant.