OPINION *Page 2 
{¶ 1} Defendant-appellant Stephen Wheat appeals the revocation of his probation following a conviction entered in the Stark County Court of Common Pleas on one count of Robbery, a felony of the second degree.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} In November, 2006, Stephen Wheat, defendant-appellant, attempted to steal items from a Family Dollar store. When confronted by a store employee, Nora Ramsey, Wheat struck Ramsey in the face, causing physical harm. Wheat then fled from the store.
 {¶ 4} On or about November 27, 2006, Appellant, Stephen Wheat, was bound over in the Canton Municipal Court.
 {¶ 5} On or about December 15, 2006, Appellant was charged by indictment, with one count of robbery, a felony of the second degree.
 {¶ 6} On January 5, 2007, Appellant was arraigned and entered a Not Guilty plea.
 {¶ 7} On January 16, 2007, Appellant entered a plea of guilty to the robbery charge.
 {¶ 8} On February 16, 2007, following a pre-sentence investigation, Appellant was granted four years community control. The conditions of his community control, included, inter alia: *Page 3 
 {¶ 9} "5. The Defendant shall follow all orders verbal or written given by the supervising officer or other authorized representatives of the Court or the Department of Rehabilitation and Correction.
 {¶ 10} "6. * * *
 {¶ 11} "7. The Defendant shall not purchase, possess, use or have under his control any narcotic drug or other controlled substance or illegal drugs, including any instrument, device or other object used to administer drugs or to prepare them for administration, unless it is lawfully prescribed for the defendant by a licensed physician. The Defendant shall inform the supervising officer promptly of any such prescription and the Defendant shall submit to drug testing if required by the Adult Parole Authority or other authorized representatives of the court."
 {¶ 12} Appellant was informed by the trial court that violation of any condition of his sentence would result in a prison term of seven (7) years. (3/20/07 Judgment Entry of Sentence).
 {¶ 13} Appellant was placed in the Intensive Supervision Unit with probation officer Dennis Williams. Appellant was read the rules of probation by Officer Williams and signed the rules indicating his understanding of the same.
 {¶ 14} In May, Appellant was returned to the trial court on a probation violation. At the probation violation hearing, probation officer Williams testified that he placed Appellant on electronically monitored house arrest. Williams made this decision based on Appellant's history, the nature of his underlying offense, and because Appellant was new to Williams' case load. Williams testified that Appellant continually violated his house arrest, behaving as though he were not even on house arrest. *Page 4 
 {¶ 15} Appellant was also monitored for drug use. On three occasions, Appellant tested positive for or admitted to using crack cocaine. On two occasions, before Williams tested Appellant for drugs Appellant admitted to using crack cocaine. On the third occasion, while Appellant was at Day Reporting, he tested positive for cocaine and admitted to cocaine use.
 {¶ 16} Appellant took the stand in his own defense. He blamed his drug use on his environment and the alleged death of two family members. He said that he had heard of the SRCCC program and wanted to participate in the program because he could not "do seven years in prison".
 {¶ 17} At the conclusion of testimony, the trial court found that Appellant did violate the terms and conditions of his probation. The trial court noted the serious nature of Appellant's underlying offense and the history of the case with the trial court. The trial court expressed that the system had done for Appellant what it could, but that Appellant had not, in turn, done his part. Therefore, the trial court imposed Appellant's previously suspended seven-year prison term.
 {¶ 18} Appellant now challenges the revocation of his probation, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 19} "I. WHETHER THE TRIAL COURT ERRED WHEN IT REVOKED APPELLANT'S COMMUNITY CONTROL AND IMPOSED A PRISON TERM BECAUSE APPELLANT ASKED FOR SUSBSTANCE [SIC] ABUSE ASSISTANCE AND THIS WAS THE BASIS FOR THE REVOCATION. *Page 5 
 I. {¶ 20} In his sole assignment of error, Appellant argues that the trial court erred when it revoked his probation. We disagree.
 {¶ 21} "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." State v.Ohly, 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, at paragraph 19, quoting State v. Bell (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. "Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt." Wolfson, Lawrence App. No. 03CA25,2004-Ohio-2750, at paragraph 7; see, also, State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916; State v. Hylton (1991),75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the state need only present "substantial" proof that a defendant willfully violated the community control conditions. See Hylton, 75 Ohio App.3d at 782.[1]
 {¶ 22} "The test ordinarily applied is highly deferential to the decision of the trial court and is akin to a preponderance of the evidence burden of proof. See State v. Alderson (Aug. 31, 1999), Meigs App. No. 98CA12, unreported. Accordingly, the court's conclusion must be sustained if there is competent credible evidence to support it.Id." State v. Hayes (Aug. 10, 2001), Wood App. No. WD-00-075. Additionally, the "[determination of the credibility of the witnesses is for the trier of fact." Ohly, at paragraph 19. See also, State v.Brank, Tusc. App. No. 2006AP 090053, 2007-Ohio-919. *Page 6 
 {¶ 23} Once a trial court finds that a defendant violated community control conditions, it possesses discretion to revoke the defendant's community control. In that event, appellate courts should not reverse trial court decisions unless a court abused its discretion.Wolfson, at paragraph 8; State v. Umphries (July 9, 1998), Pickaway App. No. 97CA45. Generally, an abuse of discretion connotes more than an error in law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g., State v.Bethel, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, at paragraph 95.
 {¶ 24} At the revocation hearing in the case sub judice, the State provided the trial court with testimony that Appellant had violated his electronically monitored house arrest on several occasions. (T. at 9, 16). The trial court also had before it the admission by Appellant that he had used cocaine on three separate occasions. (T. at 11-13). Based on these facts, the trial court had before it substantial evidence that Appellant had violated the terms and conditions of his community control.
 {¶ 25} Appellant's argument that it was unfair to not extend yet another attempt at treatment is without merit. The trial court has no such requirement imposed upon it. *Page 7 
 {¶ 26} Accordingly, we hereby overrule Appellant's assignment of error.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
 Wise, J., Gwin, P. J., and Edwards, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] Prior case law governing probation revocations applies to the revocation of community control. State v. Wolfson, Lawrence App. No. 03CA25, 2004-Ohio-2750. *Page 1