[Cite as *State v. Mery*, 2011-Ohio-1883.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00218 |
| JUAN R. MERY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal appeal from the Stark County
Court of Common Pleas, Case No. 2009-
CR-1780

JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: April 18, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN FERRERO                         WAYNE E. GRAHAM, JR.
STARK COUNTY PROSECUTOR              Suite 300 Renaissance Centre
110 Central Plaza South              4580 Stephen Circle N.W.
Canton, OH 44702                     Canton, OH  44718

*Gwin, P.J.*

{¶1} Defendant-appellant Juan R. Mery appeals the revocation of his community control and imposition of a six-year prison sentence following an evidentiary hearing in the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellant was indicted by the Stark County Grand Jury for one count of robbery, one count of trafficking in controlled substances and one count of improperly handing a firearm in a motor vehicle.

{¶3} The facts related to the charges are documented in the Bill of Particulars, filed with the Court on December 29, 2009, as stated below:

{¶4} "On or about October 28, 2009, in the City of Canal Fulton, Stark County, Ohio:

{¶5} "The Appellant aided and abetted each other in committing this offense. Defendant Kauffman drove defendants Secor and appellant to Canal Fulton City Park. Defendant Secor had arranged a drug sale to a confidential police informant. The defendants, however, brought counterfeit drugs. The defendants also planned to steal money from the informant and brought a .380 auto caliber Hi-POINT semi-automatic pistol with them. The firearm was accessible to all three defendants."

{¶6} On January 15, 2010, the state dismissed the charge of improperly handing a firearm in a motor vehicle and appellant pled guilty to robbery and trafficking

in counterfeit controlled substances. A pre-sentence investigation was ordered and sentencing was continued.[1]

**{¶7}** On February 19, 2010, appellant was sentenced to four years community control. The conditions of appellant's community control included that he enter and successfully complete the program at the Stark Regional Community Correction Center (SRCCC). The court reserved a six-year sentence in the event appellant failed to comply with the terms and conditions of his community control.

**{¶8}** Appellant entered SRCCC on February 23, 2010. He was provided with the rules of the facility and completed an orientation program. Appellant signed a form indicating his receipt and understanding of the rules.

**{¶9}** From February 23 through the end of April, appellant complied with all the rules and performed well at SRCCC. Thereafter, his behavior deteriorated. He accumulated nine rule violations including being late for cocaine anonymous classes, dress code violation, failure to attend education class, inappropriate behavior, failure to attend job club, tampering with SRCCC property, unkempt living area, lying to staff and inappropriate physical contacts. After appellant kicked open a bathroom stall door while another resident was occupying the stall, he was placed in segregation.

**{¶10}** Upon his release from segregation, Diane Wilson, the operations director at SRCCC attempted to convince appellant to alter his negative behavior, reminding him that he had gone for more than a month without any rules infractions. Appellant agreed that he was capable of complying with the rules and the program. Nonetheless, his negative behavior continued. Appellant was therefore terminated from the program.

---

[1] No transcript from appellant's original change of plea or sentencing hearing was provided this Court on appeal.

{¶11} As a result of his failure to successfully complete the SRCCC program, appellant's probation officer filed a motion to revoke or modify appellant's community control. A hearing was held on the matter on June 30, 2010. The state presented evidence from Ms. Wilson as well as appellant's probation officer Rachel Carosello. Appellant presented evidence from Tamika West, an outpatient therapist at Phoenix Rising Behavioral Healthcare. Ms. West diagnosed appellant with 1). Axis I bipolar one moderate, with cannabis and alcohol abuse; and 2). Axis II personality disorder NOS. She testified that she and her organization were prepared to work with appellant and further, that organizations exist within the community to assist in helping appellant make the adjustments he needs to function in the community.

{¶12} After hearing all the evidence, the court found appellant had violated his community control, revoked appellant's community control, and imposed the previously suspended six-year sentence.

{¶13} Appellant has timely appealed raising two assignments of error,

{¶14} "I. REVOCATION OF THE APPELLANT'S PROBATION AND IMPOSITION OF SENTENCE WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶15} "II. APPELLANT'S FIVE YEAR SENTENCE FOR INTIMIDATION IS GROSSLY DISPROPORTIONATE TO THE CRIME AND THEREFORE CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT."

I.

{¶16} Appellant first contends that the state did not produce sufficient evidence to warrant the revocation of his community control, and that his revocation is against the manifest weight of the evidence.

{¶17} The right to continue on community control depends on compliance with community control conditions and "is a matter resting within the sound discretion of the court." *State v. Garrett*, Stark App. No. 2010 CA 00210, 2011-Ohio-691 at ¶13; *State v. Schlecht,* 2nd Dist. No. 2003-CA-3, 2003-Ohio-5336, citing *State v. Johnson* (May 25, 2001), 2nd Dist. No. 17420.

{¶18} A community control revocation hearing is not a criminal trial. *State v. White,* Stark App. No. 2009-CA-00111, 2009-Ohio-6447. The state therefore need not establish a community control violation by proof beyond a reasonable doubt. *White*, supra at ¶13; *State v. Ritenour*, Tuscarawas App. No. 2006AP010002, 2006-Ohio-4744 at ¶ 36; *State v. Spencer*, Perry App. No. 2005-CA-15, 2006-Ohio-5543 at ¶ 12; *State v. Henry*, Richland App. No. 2007-CA-0047, 2008-Ohio-2474. As this Court noted in *Ritenour*, "Rather, the prosecution must present substantial proof that a defendant violated the terms of his or her probation ... Accordingly, in order to determine whether a defendant's probation revocation is supported by the evidence, a reviewing court should apply the 'some competent, credible evidence' standard set forth in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578 ... This highly deferential standard is akin to a preponderance of evidence burden of proof ..." *State v. Ritenour*, supra at ¶ 36. (Citations omitted). See also, *State v. Gullet,* Muskingum App. No. CT2006-0010, 2006-Ohio-6564, ¶ 22-23.

**{¶19}** Once a court finds a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion. *State v. White*, supra at ¶14. (Citing *State v. Ritenour,* supra at ¶ 37). (Internal Citations omitted). Thus, a reviewing court will not reverse a trial court's decision absent an abuse of discretion. *State v. Sheets* (1996), 112 Ohio App.3d 1, 677 N.E.2d 818; *State v. Ritenour,* supra at ¶ 37. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Maurer* (1984), 15 Ohio St.3d 239, 253, 473 N.E.2d 768.

**{¶20}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, certiorari denied (1990), 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183. Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections which cannot be conveyed to us through the written record, *Miller v. Miller* (1988), 37 Ohio St.3d 71, 523 N.E.2d 846.

**{¶21}** In the instant case, as set forth above, the trial court heard testimony from appellant's probation officer and the operations director at SRCCC that appellant violated the terms of his community sanctions. He accumulated nine rules violations.

**{¶22}** As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (February 10, 1982), Stark App. No. CA-5758. Accordingly, a judgment supported by competent, credible evidence going to all the essential elements of the

case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.

**{¶23}** Based on such testimony, we find that the trial court did not abuse its discretion in finding that appellant violated the terms and conditions of his community control and revoking same.

**{¶24}** Appellant argues, in essence, that his mental health problems constitute a mitigating factor. See, *State v. Wolfe*, Stark App. No. 2008-CA-00064, 2009-Ohio-830. In *State v. Bleasdale* (1990), 69 Ohio App.3d 68, the defendant was given a suspended sentence, was placed on probation on the condition that he be accepted by, and successfully complete a specific drug program. The defendant was ultimately terminated from the program after he was diagnosed as suffering from several mental disorders and the staff determined that it was not equipped to deal with the mental problems that the defendant exhibited. After a probable cause hearing, the trial court revoked the defendant's probation and reinstated his sentence of confinement. On appeal, the Eleventh District Court of Appeals determined that the trial court had abused its discretion in revoking the defendant's probation because the defendant had not willfully or intentionally violated the conditions of his probation. Rather, the court stated, the defendant had been cooperating with the program but was terminated "due to the program's inability to properly minister his case." Id. at 72.

**{¶25}** In the case at bar, the facts supporting the revocation of appellant's community control sanctions are clearly distinguishable from those in *Bleasdale.* In this case, the court revoked appellant's community control solely based on his voluntary conduct, not based on conditions over which appellant had no control.

{¶26} We agree that the trial judge should take into consideration all factors, including physical and mental examinations, in the reevaluation and reassessment of the correctness of the sentence upon a revocation of community control.   See *State v. Qualls* (1988), 50 Ohio App.3d 56, 552 N.E.2d 957. However, appellant's argument that it was unfair to not extend yet another attempt at treatment is without merit. The trial court has no such requirement imposed upon it. See *State v. Wolfe*, supra; *State v. Wheat*, Stark App. No. 2007 CA 00165, 2008-Ohio-671 at ¶ 21.

{¶27}  Appellant's first assignment of error is overruled.

II.

{¶28} In his Second Assignment of Error, appellant contends that his sentence constitutes cruel and unusual punishment because it is disproportionate to his crimes and disproportionate to the sentences imposed on his co-defendants. We disagree.

{¶29} Appellant's arguments refer to matters not contained in the trial court record. "'We cannot * * * add matter to the record before us that was not part of the court of appeals' proceedings and then decide the appeal on the basis of the new matter.' *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶ 7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16." *Squire v. Geer,* 117 Ohio St.3d 506, 508, 885 N.E.2d 213, 216, 2008-Ohio-1432 at ¶11. Accordingly, appellant's new material may not be considered.

{¶30} In a plurality opinion, the Supreme Court of Ohio established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine

whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." Id.

{¶31} As *a* plurality opinion, *Kalish* is of limited precedential value. *See Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (characterizing prior case as "of questionable precedential value inasmuch as it was a plurality opinion which failed to receive the requisite support of four justices of this court in order to constitute controlling law"). See, also, State *v. Franklin* (2009), 182 Ohio App.3d 410, 912 N.E.2d 1197, 2009-Ohio-2664 at ¶ 8. "Whether *Kalish* actually clarifies the issue is open to debate. The opinion carries no syllabus and only three justices concurred in the decision. A fourth concurred in judgment only and three justices dissented." *State v. Ross,* 4th Dist. No. 08CA872, 2009-Ohio-877, at FN 2; *State v. Welch,* Washington App. No. 08CA29, 2009-Ohio-2655 at ¶ 6; *State v. Ringler* (Nov. 4, 2009), Ashland App. No. 09-COA-008. Nevertheless, until the Supreme Court of Ohio provides further guidance on the issue, we will continue to apply *Kalish* to appeals involving felony sentencing *State v. Welch,* supra; *State v. Reed,* Cuyahoga App. No. 91767, 2009-Ohio-2264 at FN2; *State v. Ringler,* supra.

{¶32} The Supreme Court held, in *Kalish,* that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶ 18. The Court further held that the trial court "gave careful and

substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶ 20; *State v. Wolfe,* Stark App. No. 2008-CA-00064, 2009-Ohio-830 at ¶ 25.

**{¶33}** The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in *State v. Foster,* i.e. " * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 30, 2006-Ohio-856 at ¶ 100, 845 N.E.2d 470, 498.

**{¶34}** Accordingly, if appellant violates his community control sanctions, the trial court must conduct a second sentencing hearing following the community-control violation and at that time comply with the decision in *Foster.* Thus, at the time of the second sentencing hearing, appellant could be sentenced to a term of incarceration either less than, but not more then, the six year term that the court advised at the original sentencing hearing. The trial court has full discretion to impose a prison sentence within the statutory range and is no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Hines,* Ashland App. No. 2005-COA-046, 2006-Ohio-4053 at ¶ 9; *State v. Wolfe,* supra.

**{¶35}** In the case at bar, at the original sentencing hearing in this case the trial court notified appellant that the prison term to be imposed upon revocation of his community control sanction would be six years. [See, Judgment Entry, Sentence (Community Sanction), filed March 1, 2010 at 5]. When the trial court subsequently

revoked appellant's community control, it imposed that very sentence. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised appellant regarding post release control. Therefore, the sentence is not clearly and convincingly contrary to law.

{¶36} The Eighth Amendment to the United States Constitution prohibits "[e]xcessive" sanctions. It provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

{¶37} Section 9, Article I of the Ohio Constitution sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted."

{¶38} "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate" to the crime. *State v. Weitbrecht* (1999), 86 Ohio St.3d 368, 373, 715 N.E.2d 167, quoting *Harmelin v. Michigan* (1991), 501 U.S. 957, 1001, 111 S.Ct. 2680, (Kennedy, J., concurring in part and in judgment). A court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. (Footnotes omitted.)" *Solem v. Helm* (1983), 463 U.S. 277, 290-292, 103 S.Ct. 3001, 3010-3011, 77 L.Ed.2d 637, 649-650. (Internal quotation marks omitted).

**{¶39}** "It is well established that sentences do not violate these constitutional provisions against cruel and unusual punishment unless the sentences are so grossly disproportionate to the offenses as to shock the sense of justice in the community. *State v. Chaffin* (1972), 30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46; *State v. Jarrells* (1991), 72 Ohio App.3d 730, 596 N.E.2d 477." *State v. Hamann* (1993), 90 Ohio App.3d 654, 672, 630 N.E.2d 384, 395.

**{¶40}** In *State v. Hairston* the Court reiterated, "'[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.'" *State v. Hairston* 118 Ohio St.3d 289, 293, 888 N.E.2d 1073, 1077, 2008-Ohio-2338 at ¶ 21. [Quoting *McDougle v. Maxwell* (1964), 1 Ohio St.2d 68, 69, 203 N.E.2d 334]. See also, *State v. Morin,* Fairfield App. No. 2008-CA-10, 2008-Ohio-6707 at ¶71-72.

**{¶41}** In *State v. Hill* (1994), 70 Ohio St.3d 25, 635 N.E.2d 1248, the defendant was convicted of complicity to trafficking in marijuana, and sentenced to one year in prison and further ordered to forfeit his apartment complex. His co-defendant received probation instead of a prison sentence. Id. at 29, 635 N.E.2d at 1252. On appeal, he argued that the trial court abused its discretion by giving him a harsher sentence than was given his co-defendant. Id. The Ohio Supreme Court observed: "[t]here is no question that on its face the sentence received by appellant, when compared to Newbauer's punishment, is disproportionate. Given the fact that Newbauer received probation, appellant's one-year prison sentence does appear to be harsh. However, as a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits.

See, generally, *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 24, 34 O.O.2d 13, 14, 213 N.E.2d 179, 180-181. See, also, *State v. Cassidy* (1984), 21 Ohio App.3d 100, 102, 21 OBR 107, 108-109, 487 N.E.2d 322, 323; *State v. Burge* (1992), 82 Ohio App.3d 244, 249, 611 N.E.2d 866, 869; and *State v. Grigsby* (1992), 80 Ohio App.3d 291, 302, 609 N.E.2d 183, 190." *Hill*, 70 Ohio St.3d at 29, 635 N.E.2d at 1252. See also, *State v. Templeton*, Richland App. No. 2006-CA-33, 2007-Ohio-1148 at ¶ 102; *State v. Kingrey,* Delaware App. No 04-CAA-04029, 2004-Ohio-4605 at ¶19.

**{¶42}** Appellant cites no precedent, or any other authority, for reversal of an otherwise valid sentence on the basis that more culpable co-defendants were not punished more severely. There is no requirement that co-defendants receive equal sentences. *State v. Lloyd*, 11th Dist. No. 2002-L-069, 2003-Ohio-6417 at ¶ 21; *United State v. Frye* (6th Cir. 1987), 831 F.2d 664, 667. Each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes. *State v. Aguirre*, 4th Dist. No. 03CA5, 2003-Ohio-4909 at ¶ 50. "(W)hen there is a multiple codefendant situation and those co-defendants are essentially charged with the same crimes, what may seem to be a disparity in certain situations may not be a disparate sentence. This may occur when the records submitted in such cases provide a different table of review which may appropriately result in a varied sentence in a given case when evaluated according to the pertinent statutory criteria.' *[State v.]* Rupert, [11th Dist. No. 2003-L-154,] 2005-Ohio-1098] at ¶ 13. * * *." *State v. Martin*, 11th Dist. No. 2006-T-0111, 2007-Ohio-6722, at ¶ 40.

**{¶43}** In this case, there is nothing in the record to show that the difference in appellant's sentence from those of similar offenders was the result of anything other

than the individualized factors that were applied to appellant. *State v. Beasley*, 8th Dist. No. 82884, 2004-Ohio-988 at ¶ 23; *State v. Templeton*, supra; *State v. Kingrey,* supra.

**{¶44}** There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment. *State v. Firouzmandi*, Licking App. No. 2006-CA-41, 2006-Ohio-5823 at ¶ 43. Further, appellant was not convicted or punished for the offense of having a mental illness. *Brookpark v. Danison* (1996), 109 Ohio App.3d 529, 532, 672 N.E.2d 722, 723; *State v. Morin*, Fairfield App. No. 2008-CA-10, 2008-Ohio-6707 at ¶ 74. Finally, the trial court considered appellant's mental health issues at sentencing.

**{¶45}** It appears to this Court that the trial court's statements at the sentencing and the revocation hearings were guided by the overriding purposes of felony sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11.

**{¶46}** Based on the transcript of the sentencing hearing, the revocation hearing and the subsequent judgment entries, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in its sentencing appellant.

**{¶47}** Appellant's second assignment of error is overruled.

{¶48} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. PATRICIA A. DELANEY

WSG:clw 0404

[Cite as *State v. Mery*, 2011-Ohio-1883.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                         :
                                      :
                Plaintiff-Appellee    :
                                      :
                                      :
-vs-                                  :        JUDGMENT ENTRY
                                      :
JUAN R. MERY                          :
                                      :
                                      :
                Defendant-Appellant   :        CASE NO. 2010-CA-00218


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas of Stark County, Ohio is affirmed.  Costs to appellant.


                                            _____
                                            HON. W. SCOTT GWIN


                                            _____
                                            HON. WILLIAM B. HOFFMAN


                                            _____
                                            HON. PATRICIA A. DELANEY