[Cite as *State v. Blevins*, 2024-Ohio-2685.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2024-0002 |
| JAH'VON BLEVINS | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. CR2022-0624 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 15, 2024 |


APPEARANCES:

For Plaintiff-Appellee

RONALD WELCH
PROSECUTING ATTORNEY
JOSEPH A. PALMER
ASSISTANT PROSECUTOR
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, Ohio  43076

*Wise, J.*

{¶1}    Appellant Jah' Von Blevins, appeals his sentence of seventeen months in prison after pleading guilty to trafficking in marijuana, improperly handling firearms in a motor vehicle and illegal use or possession of drug paraphernalia in the Muskingum County Common Pleas Court.  For the reasons that follow, we affirm his sentence.

**FACTS AND PROCEDURAL BACKGROUND**

{¶2}    The facts and legal proceedings are taken from the record including the plea and sentencing hearings.

{¶3}    The October, 2022 term of the Muskingum County Grand Jury indicted the appellant Blevins on trafficking in marihuana, a violation of R.C. 2925.03(A)(2), R.C. 2925.03(C)(3)(c)[F4];possession of marihuana, a violation of 2925.11(A), 2925.11(C)(3)(c) [F5]; aggravated possession of drugs, a violation of R.C. 2925.11(A), R.C. 2925.11(C)(1)(a) [F5]; improperly handling firearms in a motor vehicle, a violation of R.C. 2923.16(B), 2923.16(I) [F4]; illegal use or possession of drug paraphernalia, a violation of R.C. 2925.14(C)(I), 2925.14(F)(1) [M4] and tampering with evidence, a violation of R.C. 2921.12(A)(1), 2921.12(B).[F3]. Four of the six charges contained a one-year firearm specification. R.C. 2941.141(A), Indictment Nov. 30, 2022.

{¶4}    Similar charges were brought against his co-defendants Chiara M. Black (five charges) and Correy L. Stewart (four charges).  Blevins, however, was the only one of the three defendants who was charged with tampering with evidence, a felony of the third degree.

**{¶5}** Blevins pleaded not guilty at his arraignment and was released on bond pending a scheduled trial on October 26, 2023. Prior to trial, a plea date was scheduled for October 25, 2023.

**{¶6}** Blevins did not appear for his plea hearing and a bench warrant was issued for his arrest at an address in Concord, North Carolina. Blevins was arrested on November 1, 2023.

**{¶7}** On November 8, 2023, Blevins appeared before the trial court for a plea hearing. He pleaded guilty to trafficking in marihuana, improperly handling firearms in a motor vehicle and illegal use or possession of drug paraphernalia. The firearm specification attached to the trafficking in marihuana and the remaining three charges were dismissed.

**{¶8}** Prior to pleading guilty, he was advised by the trial court that his sentence could include a prison term of six to eighteen months plus fines and costs. Blevins indicated that he understood the potential sentence.

**{¶9}** After pleading guilty, the state reiterated the facts leading to the charges.

**{¶10}** On May 10, 2022, an Ohio State Patrol Trooper stopped a 2017 Honda Civic traveling on Interstate 70 in Muskingum County. The automobile was operated and owned by co-defendant, Chiara Black. Blevins was in the front passenger seat and co-defendant Correy Stewart was in the rear seat.

**{¶11}** Upon approaching the automobile, the Trooper noticed a strong odor of raw and burnt marijuana. He also observed a green, leafy substance in the center console and on Blevins' lap. Blevins was also holding a cigar case and attempted to throw the crushed flakes of the green leafy substance and crushed cigar out of the Honda's window.

{¶12} Blevins was shaking uncontrollably and falling in and out of sleep. When he exited the Honda, the Trooper noticed a strong odor of raw and burnt marijuana coming from his person.

{¶13} During the Trooper's pat down of Blevins, he found a digital scale in his pocket.

{¶14} The Honda was searched. During the search, a Springfield XD .40 firearm was found in the backseat under a black bag. The bag also contained THC gummies and an AR-15 magazine. Marijuana shake and several clear baggies were also found.

{¶15} A search of the trunk revealed an AR-15 pistol under a black bag containing large amounts of a green leafy substance and some pills.

{¶16} Blevins had cash of less than a thousand dollars on his person.

{¶17} The green leafy substance was sent to a laboratory for analysis and tested positive for 354.9 grams of marijuana.

{¶18} At the conclusion of the state's narrative, Blevins, through counsel, stipulated to the facts for purposes of the plea.

{¶19} The trial court accepted Blevins' plea of guilty and found him guilty. The trial court noted that Blevins did not appear for his October plea hearing and revoked his bond.

{¶20} Blevins returned to the trial court for sentencing on December 27, 2023.

{¶21} During the sentencing hearing, the trial court noted that he reviewed the presentence investigation thoroughly and noted that he had no prior felony or misdemeanor convictions other than traffic violations. The trial court then noted that Blevins did not appear for a hearing on October 25. Blevins acknowledged that he did

not. The trial court then noted that he had to be there and he didn't show up. Blevins again acknowledged that he did not show up. Sentencing Tr. at 12-13.

**{¶22}** Blevins was sentenced to a term of seventeen months in prison for trafficking in marijuana, seventeen months in prison for improperly handling firearms in a motor vehicle, and thirty days of local incarceration for illegal use or possession of drug paraphernalia. The sentences were ordered to be served concurrently for a total prison term of seventeen months.

**{¶23}** The sentencing entry indicated that the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The court made the additional finding that the "Defendant had his bond revoked in the within case for failure to appear at his plea hearing." Sentencing Entry, Jan. 3, 2004.

**{¶24}** Blevins filed a timely appeal from his sentence arguing one assignment of error:

**ASSIGNMENT OF ERROR**

**{¶25}** **"I. THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH O.R.C. § 2929.11 AND FACTORS TO BE CONSIDRED [SIC] IN O.R.C. § 2929.12."**

**LAW AND ANALYSIS**

***Standard of Review***

**{¶26}** Felony sentences are reviewed under R.C. 2953.08(G)(2). An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either (a) the record does not support the sentencing court's findings

under division (B) or (D) of section 2923.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant or (b) the sentence is otherwise contrary to law. *State v. Worden,* 2022-Ohio-4648, ¶ 10 (5th Dist.) citing *State v. Marcum,* 2016-Ohio-1002, ¶ 22.

**{¶27}** R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones,* 2020-Ohio-6729, ¶ 39. "…R.C.2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12." *State v. Toles,* 2021-Ohio-3531, ¶ 10.

**{¶28}** In *State v. Bryant,* the Ohio Supreme Court clarified its holding in *Jones* and further set forth the role of the appellate court*:*

> Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations - i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones,* this Court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are 'otherwise contrary to law'. *Jones* at ¶ 32 quoting R.C. 2953.08(G)(2)(b).
>
> ....
>
> Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise

these types of issues are therefore reviewable.  *State v. Bryant,* 2022-Ohio-1878, ¶ 22.

**{¶29}** In *Bryant,* the Ohio Supreme Court held that the trial court acted contrary to law when it increased defendant's sentence by six years after defendant had an outburst in the courtroom after the court pronounced its initial sentence.

### *Application of R.C. 2929.13(B)*

**{¶30}** We first note that Blevins was sentenced to seventeen months in prison for two fourth-degree felonies and the trial court found one of the factors in division (B)(1)(b) of R.C. 2929.13 applied; namely revocation of bond for failure to appear for the scheduled plea hearing (R.C. 2929.13(b)(1)(b) (iii).

**{¶31}** Ordinarily, R.C. 2953.08 (A) precludes appellate review of a prison sentence for a fourth or fifth-degree felony that is imposed pursuant to the discretion afforded by R.C. 2929.13(B)(1)(b).

R.C. 2953.08(A) specifically provides that, [i]n addition to any other right to appeal and except as provided in division (D) of the section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds.

(2) The sentence consisted of or included a prison term and the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925 of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing.  *If the*

*court specifies that it found one or more of the factors in division (B)(1)(b)*

*of section 2929.13 of the Revised Code to apply relative to the defendant,*

*the defendant is not entitled under this division to appeal as a matter of right*

*the sentence imposed upon the offender.* (Emp. added).

**{¶32}** Blevins was sentenced for trafficking in marihuana, a felony of the fourth degree and improper handling of firearms in a motor vehicle, a felony of the fourth degree. R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony. The statute states in part:

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

**{¶33}** R. C. 2929.13(B)(1)(b) further provides:

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:  Relevant here:

(iii) The offender violated a term of the conditions of bond as set by the court.

**{¶34}** Blevins violated the term of the conditions of bond when he failed to appear for a plea hearing, a warrant was issued for his arrest and his bond was revoked. The trial court made a finding that this provision of R.C. 2929.13(B)(1)(b) applied.  Accordingly, the court had discretion to impose a prison term for the fourth-degree felony.

**{¶35}** Because the trial court imposed a prison term for the fourth-degree felony and found that one of the factors in R.C. 2929.13(B)(1)(b) applied, Blevins had no appeal as of right and was required to seek leave of this Court to file an appeal.  *State v. Vega,* 2023-Ohio-1133, ¶ 8 (8th Dist.) (holding that ordinarily R.C. 2953.08(A)(2) bars appellate review of a prison term imposed upon a fourth or fifth degree felony with an R.C. 2929.13(B)(1)(b) finding absent a motion to leave.); *State v. Andrukat,* 2002-Ohio-1862, (5th Dist.) (no appeal as a matter of right from consecutive sentences for fourth degree felonies where the sentences exceed the maximum prison term permitted for the most serious offense where trial court made requisite finding under R.C. 2929.13).

**{¶36}** In its brief to this Court or other pleadings, the state failed to raise or object to the appeal of Blevins on the grounds that he had no appeal of right under R.C. 2953.08. Therefore, we grant appellant leave to appeal his sentence and consider the merits of his appeal.

***Appellant's claim***

**{¶37}** Blevins argues that the trial court violated the principles and purposes of sentencing when it imposed on him a prison sentence that was disparate from the sentence imposed on the two co-defendants.  Blevins argues that the male co-defendant, the owner of the guns and drugs, received a dismissal of his similar charges because he agreed to proffer information about Blevins' criminal activities.  "[H]e was making statements trying to get himself out of trouble and trying to get Jah'Von into more trouble." Sent. Tr. at 6. Blevins also argues that the female driver "got a joint recommendation for community control."  Sent. Tr. at 6.

**{¶38}** We reject this argument for three reasons.  First, there  is nothing in the record to support the claims that the co-defendants received different treatment  other than the self-serving statements made at sentencing.  Matters not contained in the record cannot form the basis of an appeal.  *State v. Mery,* 2011-Ohio-1883, ¶ 29 (5th Dist.).

**{¶39}** Second, the trial court had discretion to impose a prison sentence when Blevins did not show up for his plea hearing.  One of the conditions of his bond was that he attend all criminal hearings. Entry Ordering Bond, Nov. 30, 2022.  The trial court had the authority under R. C. 2929.13(B)(1)(b) to impose a prison sentence.

**{¶40}** Third, the sentence was not grossly disproportionate to the offenses as to shock the conscience or offend the sense of justice in the community.

**{¶41}** In *State v. Hill,* 70 Ohio St.3d 25, 1994-Ohio-12, the defendant was convicted of complicity in trafficking in marihuana and sentenced to one year in prison. His co-defendant received probation.  *Id* at 29.  Defendant appealed his sentence arguing that the trial court abused its discretion in giving him a harsher sentence. The Ohio

Supreme Court affirmed his conviction noting the general rule that an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits. *Id.* at 29.

**{¶42}** There is no requirement that co-defendants receive equal sentences. "Each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes." *Mery,* 2011-Ohio-1883 (5th Dist.) at ¶ 42; *State v. Henrdricks,* 2017-Ohio-259, ¶ 15 (5th Dist.); *State v. Truss,* 2022-Ohio-3859, ¶ 26 (5th Dist) ("Truss cites no precedent, or any other authority for reversal of an otherwise valid sentence on the basis that more culpable co-defendants were not punished more severely.")

**{¶43}** The sentence imposed by the trial court on the charges to which Blevins pleaded guilty comply with the applicable sentencing statutes. The sentence was within the statutory sentencing range and was not the maximum sentence that could have been imposed. The sentences were not imposed consecutively, but rather concurrently.

**{¶44}** In short, Blevins has not shown that the trial court imposed the sentence based upon impermissible considerations. There is nothing in the record to demonstrate that anything other than individual factors resulted in his sentence. We find no basis for concluding that the trial court's sentence was contrary to law.

**CONCLUSION**

**{¶45}** Appellant's assignment of error is overruled. The judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.


By: Wise, J.

Delaney, P. J., and

Hoffman, J., concur.



JWW/kt 0708