[Cite as *State v. Norris*, 2016-Ohio-1526.]

STATE OF OHIO        )              IN THE COURT OF APPEALS
                           )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                      C.A. No.     27630

     Appellee

     v.                               APPEAL FROM JUDGMENT
                                   ENTERED IN THE
WENDALL DALE NORRIS, JR.       COURT OF COMMON PLEAS
                                   COUNTY OF SUMMIT, OHIO
     Appellant                 CASE No.    CR 2014 08 2562

DECISION AND JOURNAL ENTRY

Dated: April 13, 2016

CARR, Judge.

{¶1}    Appellant, Wendell Norris, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands.

I.

{¶2}    This matter stems from two incidents that occurred at fraternity houses on the campus of the University of Akron. On September 5, 2014, the Summit County Grand Jury indicted Norris on one count of aggravated burglary, one count of aggravated robbery, and one count of burglary. Norris pleaded not guilty to the charges at arraignment and the matter proceeded to a bench trial. Norris was convicted of all three counts in the indictment and sentenced to a total of eight years imprisonment. The trial court ordered the sentence in this case to run consecutively to a prison term for a community control violation in a separate case.

{¶3}    On appeal, Norris raises four assignments of error.

II.

**<u>ASSIGNMENT OF ERROR I</u>**

WENDELL NORRIS' CONVICTIONS FOR AGGRAVATED BURGLARY, AGGRAVATED ROBBERY, AND BURGLARY WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

**{¶4}** In his first assignment of error, Norris contends that his convictions for aggravated burglary, aggravated robbery, and burglary were not supported by sufficient evidence. This Court disagrees.

**{¶5}** In determining whether the evidence presented before the trial court was sufficient to sustain a conviction, a reviewing court must view the evidence in the light most favorable to the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Galloway*, 9th Dist. Summit No. 19752, 2001 WL 81257 (Jan. 31, 2001), *3, quoting *Jenks*, 61 Ohio St.3d 259, at paragraph two of the syllabus.

**{¶6}** The test for sufficiency requires a determination of whether the State has met its burden of production at trial. *State v. Walker*, 9th Dist. Summit No. 20559, 2001 WL 1581570 (Dec. 12, 2001); *see also State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997) (Cook, J., concurring).

**{¶7}** Norris was convicted of one count of burglary in violation of R.C. 2911.12(A)(2), which states, "No person, by force, stealth, or deception, shall * * * [t]respass in an occupied

structure * * * that is a permanent or temporary habitation of any person when any person * * * is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]"

{¶8} Norris was also convicted of one count of aggravated burglary and one count of aggravated robbery. R.C. 2911.11(A)(2), which defines aggravated burglary, states, "No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with the purpose to commit in the structure * * * any criminal offense, if * * * [t]he offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control." R.C. 2911.01(A)(1), which defines aggravated robbery, provides, "No person, in attempting or committing a theft offense * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]" For the purposes of both aggravated burglary and aggravated robbery, the term "deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A).

{¶9} On the evening of July 14, 2014, Norris entered the Phi Delta Theta house on the campus of the University of Akron. M.M., a member of the fraternity, was sitting in the multi-purpose room when he heard someone enter the house. Norris subsequently emerged and said he was there to sell Percocet to someone named "Matt." After hearing the description offered by Norris, M.M. responded that nobody who resided in the house fit that description. Undeterred, Norris said he wanted to go upstairs to find "Matt." M.M. demanded that Norris leave, and Norris walked toward the exit. Though M.M. heard the door to the house open and shut, he

subsequently heard footsteps going upstairs. M.M. immediately went upstairs and found Norris "rummaging through things" in the bedroom of T.G., one of M.M.'s fraternity brothers. Norris insisted it was "Matt's room" and said that he was looking for something. M.M. again told Norris to get out of the house. Norris then attempted to walk into another bedroom. M.M. began to push Norris toward the door and ordered him to leave the house immediately. After some arguing, Norris eventually left the house. M.M. alerted some of his fraternity brothers about the intruder. Later that night, T.G. discovered that his iPod was missing. T.G. testified at trial that he was absolutely sure his iPod was in his room prior to the incident, and he had not seen his iPod since the date of the incident.

{¶10} Several weeks later, on the evening of July 31, 2014, Norris entered the university's Sigma Alpha Epsilon fraternity house. J.C., a student who lived in the house, was cooking dinner when Norris walked into the kitchen. Norris stated that he smoked marijuana with J.C.'s fraternity brothers earlier in the week and he wanted money for the drugs or "some sort of collateral." J.C. did not believe Norris but he gave Norris ten dollars in hopes that he would leave. Norris was not satisfied and he attempted to pull a mounted television off the wall. J.C. pulled Norris away from the television. Norris then went into a first-floor bedroom and took a laptop computer. When J.C. attempted to take the laptop away from Norris, Norris picked up a screwdriver off a table and pointed it directly at J.C. J.C. backed away because he did not want to get stabbed. When the screwdriver was introduced as an exhibit at trial, the adjustable head tool was missing a bit. However, J.C. testified that the screwdriver usually had an attachment on the end. Though J.C. did not notice the head of the screwdriver during the fervor of the incident, he testified that the attachment could have come off when Norris threw down the screwdriver as he excited the house. Prior to leaving the house, Norris told J.C. that he had guys outside in case

J.C. gave him any trouble. Norris proceeded to signal to a man in a vehicle. When Norris turned his attention toward the man outside, J.C. attempted to push Norris out the front door. J.C. was unsuccessful and Norris and the second man pushed their way back into the house. The second man proceeded to use a first-floor bathroom before exiting the house with Norris. As the two men were leaving, J.C. demanded that Norris give back the laptop or else he would call the police. After a brief exchange, Norris fled the scene with the laptop.

{¶11} On appeal, Norris contends that the State failed to demonstrate that he stole the iPod, and thus committed burglary, during the July 14 incident. Norris further maintains that his convictions for aggravated robbery and aggravated burglary should be reversed because the State never proved that the screwdriver utilized during the July 31 incident was a deadly weapon.

{¶12} Norris' argument with respect to the iPod is without merit. T.G. testified that he was absolutely certain that his iPod was in his room on evening of the incident. The State presented direct evidence that Norris was "rummaging through things" in that room when he was on the second floor of the Phi Delta Theta house. After Norris rummaged through the room, the iPod was gone and T.G. never saw it again. Though Norris claims the State never presented evidence that he was in possession of the iPod, we are mindful that circumstantial evidence possesses the same probative value as direct evidence. *Jenks*, 61 Ohio St.3d 259, at paragraph one of the syllabus. Here, the State presented sufficient evidence, by way of circumstantial evidence, that Norris stole the iPod during his foray into the Phi Delta Theta house.

{¶13} Norris' argument regarding the July 31, 2014 incident is also without merit. Ohio courts have determined that a screwdriver is considered a deadly weapon. *See State v. Brown*, 6th Dist. Wood No. WD-09-058, 2010-Ohio-1698, ¶ 14, citing *State v. Umphries*, 4th Dist. Ross No. 02CA2662, 2003-Ohio-599, ¶ 8 ("It almost follows without the need to cite legal authority

that either a knife or a screwdriver is capable of inflicting a deadly wound."); *see also State v. Peterson*, 9th Dist. Summit No. 10114, 1981 WL 4176, *2 (Sept. 23, 1981) ("the jury could reasonably conclude defendant had a gun or a knife or a screwdriver, all of which are things capable of inflicting death."). In making this determination, "[t]he manner of use of the instrument is what is determinative." *State v. Goodwin*, 6th Dist. Lucas No. L-12-1341, 2014-Ohio-2323, ¶ 33, citing *State v. Harris*, 10th Dist. Franklin No. 89AP-1342, 1990 WL 129256 (Sept. 4, 1990). "A [trier of fact] is permitted to infer the deadly nature of an instrument from the facts and circumstances of its use." *State v. Vondenberg*, 61 Ohio St.2d 285, 289 (1980). When Norris stole the laptop, he picked up the screwdriver and pointed it at J.C. Norris wielded the screwdriver so as to deter J.C. from making a play for the laptop. J.C. backed away because he did not want to get stabbed. J.C. testified that the screwdriver typically had an attachment with a tip at the end. J.C. further testified that it is possible the attachment became dislodged when Norris threw it to the ground as he exited the house. This evidence, when construed in the light most favorable to the State, was sufficient to demonstrate that Norris used a deadly weapon while burglarizing the Sigma Alpha Epsilon house.

{¶14} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

WENDELL NORRIS' CONVICTIONS FOR AGGRAVATED ROBBERY, AGGRAVATED BURGLARY, AND BURGLARY WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶15} In his second assignment of error, Norris argues that his convictions were against the manifest weight of the evidence. This Court disagrees.

**{¶16}** When a defendant argues that his convictions were contrary to the weight of the evidence, this court must review all of the evidence before the trial court.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.

**{¶17}** Norris asserts that the State presented no credible evidence that he stole the iPod during the July 14, 2014 incident. Norris points to his conversation with police detectives after the incident where he admitted to entering the fraternity house but denied taking the iPod. Norris claims his denial is credible because he admitted to other illegal conduct.

**{¶18}** As noted above, the State presented evidence that T.G.'s iPod was in his room prior to the incident. Norris rummaged through T.G.'s room during his invasion of the Phi Delta Theta house and the iPod was never seen after the incident. This Court has recognized that reliance on circumstantial evidence is often critical in proving a theft offense as an element of burglary. *State v. Flowers*, 9th Dist. Summit No. 9968, 1981 WL 2922, *1 (July 22, 1981). Moreover, while Norris emphasizes his own denial of the theft in an interview with police, and further suggests the State's evidence was not credible, it is well-settled law that the trier of fact is in the best position to make credibility determinations when evaluating the evidence presented at

trial. *State v. Campanalie*, 9th Dist. Summit No. 26383, 2013-Ohio-3509, ¶ 21. As the State presented evidence that T.G.'s iPod went missing during the timeframe when Norris invaded the house, we cannot say that the trial court's conclusion that Norris stole the iPod resulted in a manifest miscarriage of justice.

{¶19} Norris argues that his convictions for aggravated burglary and aggravated robbery were against the weight of the evidence because the State presented no credible evidence that the screwdriver was used as a deadly weapon.

{¶20} Norris' argument is not well taken. As noted above, J.C. testified that the screwdriver typically had a tip attached that could have come off when Norris threw it to the ground. Norris treated the screwdriver as though it had a sharp tip when he pointed it threateningly at J.C. in order to deter J.C. from trying to recover the laptop. Moreover, Norris' argument that J.C. was not in fear is contradicted by the record. J.C. testified that when Norris picked up the screwdriver, J.C. stepped back because he did not want to be stabbed. Though Norris correctly notes that J.C. later tried to push Norris out of the house, this occurred during a moment when Norris turned his attention to the man outside. Under these circumstances, a reasonable juror could conclude that the screwdriver had a tip at the time of the incident. It follows that this is not the extraordinary case where the trier of fact clear lost its way.

{¶21} The second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN IMPOSING COSTS UPON WENDELL NORRIS WITHOUT ALLOWING A REQUEST FOR WAIVER OF COSTS, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

**{¶22}** In his third assignment of error, Norris contends that the trial court deprived him of an opportunity to seek a waiver of the payment of court costs. This Court agrees.

**{¶23}** The Supreme Court of Ohio has held that a trial court is required to provide a defendant with an opportunity to claim indigency and seek a waiver of the payment of court costs. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22. A trial court commits reversible error when it imposes court costs without giving the defendant an opportunity to claim indigency and seek a waiver. *State v. Miller*, 9th Dist. Lorain Nos. 10CA009922 & 10CA009915, 2012-Ohio-1263, ¶ 96, citing *Joseph* at ¶ 22. The appropriate remedy for such an error is to "remand the cause to the trial court for the limited purpose of allowing [the offender] to move the court for a waiver of the payment of court costs." *Joseph* at ¶ 23.

**{¶24}** The State acknowledges that the trial court did not notify Norris about the imposition of court costs at the sentencing hearing. Nevertheless, the State urges this Court to overrule Norris' assignment of error on the basis of R.C. 2947.23(C), which states that a trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." The State notes that because the trial court may revisit the issue at any time, there is no need to reverse the trial court's judgment.

**{¶25}** A review of the transcript from the sentencing hearing confirms that the trial court did not provide Norris with an opportunity to seek a waiver of the payment of court costs. Yet, the trial court ordered Norris to pay court costs in its December 3, 2014 sentencing entry. The State correctly notes that R.C. 2947.23(C) permits a trial court to address issues with court costs after the time of sentencing. The fact remains, however, that Norris has identified a prejudicial error in his direct appeal. Norris was harmed when he was "denied the opportunity to claim

indigency and to seek a waiver of the payment of court costs before the trial court." *Joseph* at ¶ 22. Under these circumstances, it is appropriate to "remand the cause to the trial court for the limited purpose of allowing [the offender] to move the court for a waiver of the payment of court costs." *Joseph* at ¶ 23.

**{¶26}** The third assignment of error is sustained.

<u>**ASSIGNMENT OF ERROR IV**</u>

THE TRIAL COURT ERRED IN IMPOSING RESTITUTION UPON WENDELL NORRIS WITHOUT INQUIRY INTO HIS ABILITY TO PAY OR OPPORTUNITY TO CONTEST THE AMOUNT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE [I], SECTION 10 OF THE OHIO CONSTITUTION.

**{¶27}** In his final assignment of error, Norris contends that the trial court committed plain error when it imposed restitution without giving him an opportunity to contest the amount. This Court agrees.

**{¶28}** R.C. 2929.19(B)(5) requires a trial court to consider the offender's present and future ability to pay prior to imposing a financial sanction. *State v. Williams*, 9th Dist. Summit No. 26014, 2012-Ohio-5873, ¶ 17. "'[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.'" *Williams* at ¶ 17, quoting *State v. Martin*, 140 Ohio App.3d 326, 327 (4th Dist.2000). "Even so, the record must reflect that the court actually considered the defendant's ability to pay." *Williams* at ¶ 17, *see also State v. Lewis*, 2d Dist. Greene No. 2011-CA-75, 2012-Ohio-4858, ¶ 9 ("A hearing on a defendant's ability to pay is not required. Nor is a court required to make findings. All that is required is that the trial court 'consider' a defendant's ability to pay."). "A trial court commits plain error by ordering a defendant to pay restitution without first

considering his ability to pay." *Williams* at ¶ 17, citing *State v. Andrews*, 1st Dist. Hamilton No. C-110735, 2012-Ohio-4664, ¶ 32.

{¶29} In this case, the trial court ordered restitution in the amount of $300 to the owner of the iPod and $700 to the owner of the laptop computer. At the sentencing hearing, the trial court stated the amount of restitution to be paid to each victim. The trial court also asked Norris if he could afford an appellate attorney, and when Norris responded in the negative, the trial court appointed counsel on his behalf. Unfortunately, our review of the record does not reveal any signal by the trial court that it considered Norris' ability to pay restitution. Thus, given the record in this case, the trial court committed plain error and must make a determination regarding Norris' ability to pay restitution on remand. *Williams* at ¶ 19-20.

{¶30} The fourth assignment of error is sustained.

III.

{¶31} Norris' first and second assignments of error are overruled. The third and fourth assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded to the trial court for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JEREMY A. VEILLETTE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.