[Cite as *State v. Andric*, 2016-Ohio-3208.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.    14CA0089-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALEN ANDRIC | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    13CR0500 |

DECISION AND JOURNAL ENTRY

Dated: May 31, 2016

CARR, Presiding Judge.

{¶1}    Appellant, Alen Andric, appeals the judgment of the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}    On August 28, 2013, the Medina County Grand Jury indicted Andric on one count of possession of heroin and one count of possession of cocaine.  Andric pleaded not guilty to the charges at arraignment and the matter proceeded to trial.  A jury found Andric guilty of both counts in the indictment.  In addition to imposing a six-month driver's license suspension, the trial court imposed a six-month prison term for each offense and ordered that the sentences were to be served concurrently with each other.

{¶3}    On appeal, Andric raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE STATE OF OHIO FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO SUSTAIN THE CONVICTIONS IN THIS CASE.

## ASSIGNMENT OF ERROR II

MR. ANDRIC'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

{¶4} Andric argues that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. In support of his sufficiency and weight arguments, Andric maintains that the State failed to meet its burden of showing that he had knowledge of the trace amounts of cocaine and heroin residue discovered in his vehicle. This Court disagrees.

{¶5} Andric was convicted of possession of heroin in violation of R.C. 2925.11(A)(C)(6)(a) and possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a). R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." R.C. 2925.11(A)(C)(6) states that "[i]f the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of possession of heroin." R.C. 2925.11(A)(C)(4) states that "[i]f the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine." The former R.C. 2901.22(B) stated, "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

**Sufficiency of the Evidence**

{¶6}    A review of the sufficiency of the State's evidence and the manifest weight of the evidence adduced at trial are separate and legally distinct determinations. *State v. Gulley*, 9th Dist. Summit No. 19600, 2000 WL 277908, *1 (Mar. 15, 2000). When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶7}    In this case, the State presented the following evidence at trial. In the summer of 2013, a security officer at Walmart observed Andric purchasing a phone card in the electronics section of the store. Andric was nervously scanning the store as he made his purchase. He proceeded to go to the men's clothing department where he placed numerous packs of underwear and socks in his shopping cart without paying any attention to prices. Andric concealed the items in his cart by placing t-shirts over them. After grabbing a large quantity of energy drinks and placing them in his cart, Andric attempted to leave the store without paying for the items. The security officer testified that the types of items in Andric's cart are often stolen because those items can be immediately resold. The security officer stopped Andric in the vestibule and asked him to return to the inside of the store. After a short exchange, Andric bolted for the parking lot where he got in his car and drove away.

{¶8} Officer Daniel Shonk of the Wadsworth Police Department was patrolling the Walmart parking lot when he noticed Andric fleeing the store. Officer Shonk began to follow Andric's car. As Andric drove through a stop sign onto Smokerise Road, Officer Shonk received word from dispatch about the attempted shoplifting at Walmart. Officer Shonk observed Andric drive through a red light. At that point, Officer Shonk initiated a traffic stop. As Officer Shonk activated his overhead lights, he saw Andric reach behind the passenger seat, down toward the floorboard, with his right arm. When Officer Shonk approached the vehicle, he noticed that there was a female passenger in the front passenger's seat. Officer Shonk did not see her at first because she was very short and he could not see her head over the headrest. Sergeant Melissa Blubaugh arrived on the scene to provide backup. The officers *Mirandized* Andric and placed him under arrest. While questioning Andric about the incident at Walmart, Officer Shonk noticed that Andric's pupils were "pinpoint" and "constricted." Officer Andric testified that his training and experience suggested that Andric's constricted pupils were indicative of drug use. When asked if he had been using drugs, Andric admitted that he had used heroin earlier in the day.

{¶9} Police subsequently conducted a search of Andric's vehicle. During the search, Officer Blubaugh found a coat behind the front passenger seat, the spot where Andric had reached when Officer Shonk had activated his lights. Located inside the coat were a syringe and a capsule with residue inside. The State introduced lab results at trial indicating that trace amounts of cocaine and heroin were found in the capsule. Andric's passenger told the officers at the scene that the coat did not belong to her.

{¶10} The evidence presented by the State at trial was sufficient to demonstrate that Andric knowingly possessed the trace amounts of heroin and cocaine found in his car. Andric

admitted that he had been using heroin earlier in the day. After exhibiting nervous and suspicious behavior inside Walmart, Andric drove through a stop sign and a red light as he fled the store. During the initiation of the traffic stop, Officer Shonk spotted Andric reaching down behind the passenger seat, suggesting that Andric was trying to hide something. Police discovered the capsule holding heroin and cocaine residue in a coat located in the very spot where Andric had been reaching. Though the capsule only contained only trace amounts of heroin and cocaine residue, the evidence presented by the State supports the conclusion that Andric attempted to conceal the capsule when Officer Shonk initiated the traffic stop. This evidence, when construed in the light most favorable to the State, was sufficient to demonstrate that Andric knowingly possessed the drugs found in his vehicle. *Jenks*, 61 Ohio St.3d at 279.

{¶11} The first assignment of error is overruled.

**Manifest Weight of the Evidence**

{¶12} A conviction that is supported by sufficient evidence may still be found to be against the manifest weight of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997); *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 12.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An

appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.

{¶13} In support of his manifest weight argument, Andric contends that the evidence at trial did not convincingly demonstrate a connection between Andric and the drugs found in the coat in his car. Andric notes that no witnesses definitively testified whether the coat containing the drugs belonged to Andric or his female passenger. Andric further asserts that the photographs of the coat introduced at trial did not demonstrate whether the coat fit Andric.

{¶14} A thorough review of the record reveals this is not the exceptional case where the evidence presented at trial weighed heavily against conviction. As an initial matter, Officer Shonk's observation of Andric reaching down to the spot where the coat with the drugs was eventually recovered is strong circumstantial evidence of Andric's guilt. "[W]e are mindful that circumstantial evidence possesses the same probative value as direct evidence." *State v. Norris*, 9th Dist. Summit No. 27630, 2016-Ohio-1526, ¶ 12, citing *Jenks*, 61 Ohio St.3d 259, at paragraph one of the syllabus. Moreover, Andric admitted that he had used heroin earlier in the day. With respect to the coat, Andric's passenger stated at the scene that it was not her coat. Officer Shonk testified the passenger tried on the coat at the officer's request and it was "huge." The passenger was "about 4'8", maybe 100 pounds" and the coat "hung off her * * * like a dress." Under these circumstances, we cannot say that the trier of fact clearly lost its way and created a manifest miscarriage of justice when it convicted Andric of possession of heroin and cocaine. *Otten*, 33 Ohio App.3d at 340. The second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

MR. ANDRIC[] WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL[.]

{¶15} In his final assignment of error, Andric contends that trial counsel rendered ineffective assistance of counsel. We disagree.

{¶16} In order to prevail on a claim of ineffective assistance of counsel, Andric must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Thus, a two-prong test is necessary to examine such claims. First, Andric must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland*, 466 U.S. at 687. Second, Andric must demonstrate that but for counsel's errors, there is a reasonable probability that the results of the trial would have been different. *Keith*, 79 Ohio St.3d at 534.

{¶17} In support of his ineffective assistance claim, Andric contends that trial counsel's performance fell below an objective standard of reasonableness when he informed the jury venire, and then reminded the jury during opening statements, that Andric had prior convictions for drug possession and that he was on probation. Andric further contends that trial counsel rendered ineffective assistance by failing to object (1) when Officer Shonk testified about the results of the BCI tests that he had no part in creating; and (2) when the assistant prosecutor

commented during closing argument that the passenger in Andric's vehicle did not testify at trial, arguably suggesting that the burden of proof was on Andric to demonstrate his innocence.

{¶18} It is well-settled that, "debatable trial tactics do not give rise to a claim for ineffective assistance of counsel." *State v. Hoehn,* 9th Dist. Medina No. 03CA0076-M, 2004-Ohio-1419, ¶ 45, citing *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). Even if this Court questions trial counsel's strategic decisions, we must defer to his or her judgment. *Clayton,* 62 Ohio St.2d at 49. The Ohio Supreme Court has stated:

> "We deem it misleading to decide an issue of competency by using, as a measuring rod, only those criteria defined as the best of available practices in the defense field." * * * Counsel chose a strategy that proved ineffective, but the fact that there was another and better strategy available does not amount to a breach of an essential duty to his client.

*Clayton*, 62 Ohio St.2d. at 49, quoting *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976).

{¶19} At trial, defense counsel deployed a strategy aimed at showing that the State could not prove that Andric knew about the heroin and cocaine residue found in his vehicle. During opening statements, defense counsel asked the jury to consider whether the capsule containing drug residue might have belonged to Andric's passenger instead of Andric. By admitting Andric's drug issues, counsel attempted to demonstrate that Andric was honest and forthright, and that if the drugs were his he would have acknowledged it just as he did with his drug habit. Though defense counsel did not attempt to conceal Andric's drug issues, defense counsel sought to underscore that the State's evidence left doubt as to whether Andric was aware of the presence of drug residue. Acknowledging Andric's drug problem with the jury venire and during opening statements, in an attempt to build credibility with the jury, was consistent with this strategy. *Clayton*, 62 Ohio St.2d at 49.

**{¶20}** With respect to the instances cited by Andric where trial counsel did not object, we note that it is well-settled that an attorney's failure to make objections falls within the realm of trial tactics and does not establish ineffective assistance of counsel. *State v. McCroskey*, 9th Dist. Wayne No. 96CA0026, 1997 WL 164322, *4 (Apr. 2, 1997); *State v. Bradford*, 9th Dist. Summit No. 22441, 2005-Ohio-5804, ¶ 27. Moreover, while Andric contends that trial counsel's performance was deficient in this regard, he has not set forth a cogent argument detailing how he was prejudiced by trial counsel's failure to object, nor has he explained how the result of trial would have been different but for trial counsel's errors. *McCroskey* at *5.

**{¶21}** As Andric has not demonstrated how his trial counsel's performance was deficient or that the result of the trial would have been different, he cannot prevail on his ineffective assistance claim. *Keith*, 79 Ohio St.3d at 534, citing *Strickland*, 466 U.S. at 687

**{¶22}** Andric's third assignment of error is overruled.

## III.

**{¶23}** Andric's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.