[Cite as *State v. Turner*, 2017-Ohio-1314.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 16CA0011-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEFFREY A. TURNER | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 15-CR-0165 |

DECISION AND JOURNAL ENTRY

Dated: April 10, 2017

SCHAFER, Judge.

{¶1} Defendant-Appellant, Jeffery Turner, appeals from the judgment of the Medina County Court of Common Pleas sentencing him to a maximum term of imprisonment for his community control violation. We affirm.

I.

{¶2} On March 25, 2015, the Medina County Grand Jury indicted Turner on the following three counts: (I) one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony, with a repeat violent offender specification pursuant to R.C. 2941.149(A); (II) one count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony; and (III) one count of retaliation in violation of R.C. 2921.05(A), a third-degree felony. Turner initially pleaded not guilty to the charges.

{¶3} On September 8, 2015, the trial court held a change of plea hearing. At the hearing, Turner pleaded guilty to one count of retaliation in violation of R.C. 2921.05(A) in

exchange for the State dismissing the remaining counts within the indictment. The trial court accepted Turner's guilty plea and ordered a presentence investigation report ("PSI"). On October 19, 2015, the trial court sentenced Turner to three years of community control with certain conditions. As part of his community control, the trial court explicitly ordered in its sentencing entry that Turner "shall abide by all laws" and further stated that "[u]pon any violation of this sentence, the Court shall sentence the defendant to a prison term of 36 months."

{¶4} Approximately three weeks after the trial court issued its sentencing entry, Turner was charged in two new cases in the Medina Municipal Court. Specifically, on November 5, 2015, Turner was charged with criminal trespass in violation of R.C. 2911.21(A)(3), a fourth-degree misdemeanor, and on November 10, 2015, Turner was charged with obstructing official business in violation of R.C. 2921.31(A), a second-degree misdemeanor. Turner's criminal trespass charge was later amended to disorderly conduct. Turner ultimately pleaded no contest to these charges. However, as a result of these new charges, Turner's probation officer filed a "Community Control Sanction/Violation of Supervision Complaint" against Turner in the Medina County Court of Common Pleas.

{¶5} On January 19, 2016, the trial court held a probation violation hearing. At the hearing, Turner admitted to both community control violations and the trial court found Turner to be in violation of his probation. The trial court subsequently sentenced Turner to three years in prison, as it had previously admonished Turner it would do in its prior sentencing entry. Turner was given credit for 244 days already served. The trial court issued its sentencing entry on January 21, 2016.

{¶6} Turner filed this timely appeal and raises one assignment of error for our review.

II.

## Assignment of Error

**The trial court abused its discretion by imposing the maximum three-year prison term for the Defendant-Appellant's community control/probation violations, given the mitigating circumstances.**

{¶7} In his sole assignment of error, Turner argues that the trial court erred by imposing the maximum prison sentence for his community control violation. We disagree.

{¶8} In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9} The Supreme Court of Ohio has held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, paragraph seven of the syllabus. "[W]here the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those statutes." (Alterations sic.) *State v. Steidl*, 9th Dist. Medina No. 10CA0025–M, 2011–Ohio–2320, ¶ 13, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 18 fn. 4. "Unless the record shows that the court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is

presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez*, 9th Dist. Medina No. 13CA0054–M, 2014–Ohio–3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013–CA–78, 2014–Ohio–1272, ¶ 13.

{¶10} In the present case, the trial court explicitly admonished Turner in its October 20, 2015 sentencing entry that it would impose a 36-month prison term upon revocation of his community control sanction. When the trial court subsequently revoked Turner's community control on January 21, 2016, it imposed that very sentence. There is no dispute that the trial court's prison sentence falls within the statutory sentencing range. *See* R.C. 2929.14(A)(3)(b) (setting forth a range of nine to thirty-six months for certain third-degree felonies). There is also no dispute that the trial court advised Turner regarding post-release control at the original sentencing hearing. Although the record from the community control violation hearing reflects that the trial court did not explicitly discuss the R.C. 2929.11 and R.C. 2929.12 factors during the sentencing phase, the trial court is presumed to have considered these factors prior to imposing sentence because the trial court's sentence fell within the statutory range. *See Steidl* at ¶ 13; *see also State v. Mery*, 5th Dist. Stark No. 2010-CA-00218, 2011-Ohio-1883, ¶ 34, citing *State v. Hines*, 5th Dist. Ashland No. 2005-COA-046, 2006-Ohio-4053, ¶ 9 ("The trial court has full discretion to impose a prison sentence within the statutory range and is no longer required to make findings or give reasons for imposing maximum * * * or more than the minimum sentences [at a second sentencing hearing following a defendant's community-control violation].").

{¶11} Lastly, a review of the transcript from the January 19, 2016 sentencing hearing reveals that the trial court reviewed the PSI report prior to imposing sentence. The record also indicates that the trial court heard argument from Turner's trial counsel concerning mitigating

circumstances in this matter, but ultimately imposed the maximum sentence after finding Turner's lengthy criminal history to be significant.

{¶12} Accordingly, we conclude that the trial court did not err by imposing a 36-month prison sentence in this matter as such a sentence is neither unwarranted nor clearly and convincingly contrary to law. *See State v. Braun*, 9th Dist. Medina No. 15CA0084-M, 2016-Ohio-5189, ¶ 9 (affirming the trial court's imposition of a maximum 36-month prison sentence for a community control violation where the sentence was "neither unwarranted nor clearly and convincingly contrary to law.").

{¶13} Turner's assignment of error is overruled.

III.

{¶14} With Turner's sole assignment of error having been overruled, the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and SCOTT G. SALISBURY, Assistant Prosecuting Attorney, for Appellee.