[Cite as *State v. Stevens*, 2017-Ohio-5482.]

STATE OF OHIO          )          IN THE COURT OF APPEALS
                       )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA       )

STATE OF OHIO                     C.A. Nos.    16CA0033-M
                                               16CA0034-M
    Appellee

    v.
                                 APPEAL FROM JUDGMENT
MARK L. STEVENS                  ENTERED IN THE
                                 COURT OF COMMON PLEAS
    Appellant             COUNTY OF MEDINA, OHIO
                                 CASE Nos.    15CR0363
                                              15CR0254

DECISION AND JOURNAL ENTRY

Dated: June 26, 2017

TEODOSIO, Judge.

{¶1}   Appellant, Mark L. Stevens, appeals from his convictions in the Medina County Court of Common Pleas.  We affirm.

I.

{¶2}   Mr. Stevens set fire to his Wadsworth home where he lived with his wife.  He then went to a nearby bar with a loaded firearm and was soon arrested for illegal possession of a firearm in a liquor permit premises, a felony of the third degree.  He was later charged in a separate indictment with two counts of aggravated arson, felonies of the first and second degree.  He pled no contest to all three charges.  The aggravated arson counts were determined to be allied offenses of similar import and were merged for sentencing.  The State elected to have Mr. Stevens sentenced on the felony of the first degree.  The trial court sentenced Mr. Stevens to eleven years in prison for aggravated arson and ordered him to pay $196,000.00 in restitution to

his wife. The court also sentenced him to twelve months in prison for illegal possession of a firearm in a liquor permit premises, to be served concurrently with his sentence for aggravated arson.

{¶3} Mr. Stevens now appeals from his convictions and raises three assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE GRAND JURY INDICTMENT FAILED TO INCLUDE A FINDING OF PROBABLE CAUSE AND IS THEREFORE VOID HAVING FAILED ITS PRIMARY PURPOSE.

{¶4} In his first assignment of error, Mr. Stevens argues that his indictments are void because they fail to include a finding of probable cause on their face. We disagree.

{¶5} Mr. Stevens cites to no law mandating that the face of an indictment must include a finding of probable cause. Instead, he calls for a "new investigation and review of the grand jury process" and argues that an indictment "*should* indicate on its face that the grand jury made a finding of probable cause" as an assurance that such a finding was made. (Emphasis added.)

{¶6} Crim.R. 7(B) details the nature and required contents of indictments, but includes no such requirement. Moreover, the United States Supreme Court has stated that "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Ex parte United States*, 287 U.S. 241, 250 (1932). "The purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident." *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, ¶ 7. This Court has held that "the indictment generally need only identify and set forth the

elements of the crime charged." *State v. Swiger*, 9th Dist. Summit No. 14565, 1991 WL 131528, *9 (July 17, 1991). "The constitutional guarantees of indictment by a grand jury, a fair trial, and due process of law require no more." *Id.*

**{¶7}** Nevertheless, Mr. Stevens failed to argue at the trial court level that his indictments were defective or void. "By failing to timely object to a defect in an indictment, a defendant waives all but plain error on appeal." *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, paragraph three of the syllabus; Crim.R. 12(C)(2) (objections based on defects in the indictment must be raised before trial). Mr. Stevens has not argued plain error on appeal. When an appellant does not develop a plain error argument in his brief, this Court will not create one on his behalf. *State v. Grad*, 9th Dist. Medina No. 15CA0014–M, 2016-Ohio-8388, ¶ 18.

**{¶8}** Mr. Stevens' first assignment of error is overruled.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING MR. STEVENS TO THE MAXIMUM ELEVEN YEARS IN PRISON ON HIS FIRST EVER FELONY CONVICTION AND HIS FIRST EVER PRISON SENTENCE, AND WHEN THE FACTS AND CIRCUMSTANCES OF HIS CRIME WERE NOT THE WORST LEVEL OF THE OFFENSE AND DID NOT WARRANT THE MAXIMUM PRISON SENTENCE.

**{¶9}** In his second assignment of error, Mr. Stevens argues that the trial court abused its discretion and erred in sentencing him to eleven years in prison because the maximum sentence is neither fair nor just. We disagree.

**{¶10}** An appellate court's standard for review of a felony sentence is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v.*

*Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶11} Mr. Stevens concedes that his prison sentence is within the appropriate sentencing range and is not contrary to law. *See* R.C. 2929.14(A)(1); R.C. 2929.14(A)(3)(b). However, he argues that the record and the facts surrounding the aggravated arson do not support his eleven-year prison sentence. "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d. 1, 2006-Ohio-856, paragraph seven of the syllabus.

{¶12} A review of the transcript from the sentencing hearing reveals that the trial court heard from the prosecutor, Mr. Stevens' wife, Mr. Stevens, and defense counsel prior to sentencing. The judge commented that Mr. Stevens' wife "suffered substantial financial loss." The judge expressed further concern that Mr. Stevens had done nothing to try to make amends for the financial loss caused by his actions. The judge stated that "actions [] speak louder than words" and that Mr. Stevens' actions bothered her. He deliberately poured gas and torched the house. He took things that he cared about, such as the dog and other items, and moved them to a safe place. He took no action to save the house or call 911. He never asked for help. With regard to any remorse, the judge stated, "[Y]ou talk about sorry. You talk about remorse, but there's no action that gives any meaning to those words." The judge continued:

> [I]t is the order of this [c]ourt after consideration of all of the relevant factors outlined under 2929.11, 12 and 13 of the Revised Code, including the seriousness of the offense, recidivism factors, to protect the public from future crime and to punish the Defendant for his actions in this matter, and I want to point out, when

your client gave his allocution this morning, when asked if he would ever torch or commit arson again, he said, "[P]robably not." Probably not does not meet the standard of protecting the public.

The judge proceeded to sentence Mr. Stevens to a total of eleven years in prison. Mr. Stevens' sentencing entries state that "[t]he prison term for this offense would adequately punish the offender and/or protect the public from future crime by this offender and/or others."

{¶13} There is no express indication in the sentencing transcript that the judge reviewed the presentence investigation report, but "[b]ecause a presentence investigation report was requested in this case, there is a presumption that the trial court utilized it in imposing a sentence." *State v. Cox*, 9th Dist. Summit No. 19773, 2000 WL 372317, *2 (Apr. 12, 2000). Both the prosecutor and defense counsel stated that they had reviewed the presentence investigation report and found it to be accurate. The report is properly included in the record for our review.

{¶14} After reviewing the entire record, we conclude that the trial court did not err in sentencing Mr. Stevens to eleven years in prison because the sentence is neither unwarranted nor clearly and convincingly contrary to law. *See State v. Turner*, 9th Dist. Medina No. 16CA0011-M, 2017-Ohio-1314, ¶ 12.

{¶15} Mr. Stevens' second assignment of error is overruled.

### ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING AND THERE IS CLEAR AND CONVINCING EVIDENCE OF SAME WHEN SENTENCING MR. STEVENS TO ONE HUNDRED AND NINETY-[SIX] THOUSAND DOLLARS ($19[6],000.00) IN RESTITUTION WHEN HE HAS NO ABILITY TO EARN SUBSTANTIAL INCOME, HAS NO SUBSTANTIAL ASSETS, IS PHYSICALLY DISABLED AND RECEIVING DISABILITY BENEFITS AS DETERMINED BY THE SOCIAL SECURITY ADMINISTRATION, AND IS SENTENCED TO AN ELEVEN (11) YEAR PRISON SENTENCE WHICH WILL EFFECTIVELY BAR HIS ABILITY TO EARN INCOME IN THE FUTURE.

**{¶16}** In his third assignment of error, Mr. Stevens argues that the trial court abused its discretion in ordering restitution that he cannot afford and without making a finding regarding his ability to pay. We disagree.

**{¶17}** R.C. 2929.18(A)(1) authorizes a sentencing court to order financial sanctions, including restitution, to the victim. Restitution may be based on "an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information" as long as the amount does not exceed the economic loss suffered by the victim as a result of the commission of the offense. *Id.* This Court reviews restitution orders under an abuse of discretion standard. *State v. Esterle*, 9th Dist. Medina No. 06CA0003-M, 2007-Ohio-1350, ¶ 5. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶18}** "R.C. 2929.19(B)(5) requires a trial court to consider the offender's present and future ability to pay prior to imposing a financial sanction." *State v. Norris*, 9th Dist. Summit No. 27630, 2016-Ohio-1526, ¶ 28. "'[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.'" *State v. Williams*, 9th Dist. Summit No. 26014, 2012-Ohio-5873, ¶ 17, quoting *State v. Martin*, 140 Ohio App.3d 326, 327 (4th Dist.2000). "Even so, the record must reflect that the court actually considered the defendant's ability to pay." *Williams* at ¶ 17. "A trial court commits plain error by ordering a defendant to pay restitution without first considering his ability to pay." *Id.*

{¶19}  In the case sub judice, the trial court considered Mr. Stevens' present and future ability to pay prior to ordering restitution when it engaged defense counsel in the following discussion:

> THE COURT: What has your client done to try to make amends for the financial loss that has been caused by his actions?
>
> * * *
>
> THE COURT: Did you tell him to start setting some money aside, that, you know, she's out several hundred thousand dollars?
>
> MR. CICCOLINI: Well, Your Honor, I know his income is Social Security based. There's not much income there.
>
> THE COURT: About $2,000 a month.
>
> MR. CICCOLINI: Yes.
>
> THE COURT: Where is that going?
>
> MR. CICCOLINI: Well, Social Security stopped at the time he was - - sometime after he was arrested and that's normal, so I believe that the disability from his employer is only 400 some dollars a month and his sister was paying whatever bills that she was able to pay with that minimum amount of money so as he stands here today, Your Honor, I believe he only receives 400 plus dollars a month in disability.
>
> THE COURT: So in other words, in answer to my question, what actions have been taken to try to bring recompense to the victim, the answer is nothing?
>
> MR.CICCOLINI: That's correct, because he hasn't had the opportunity, Your Honor. He's been locked up. I mean, his hands are really tied.
>
> THE COURT: Well, you're his attorney. He could be doing things through you, correct?
>
> MR. CICCOLINI:  Well, he could, Your Honor, and in due respect, he just doesn't have any income. I mean, $400 a month is - - I mean, in regards to assisting his spouse, there's just no money there once Social Security got cut off. I don't know what his intention would be. Let's say he was to be placed on probation, what arrangements he could make once Social Security was able to kick back in, I'm sure there would be some arrangements. That money's not going to be there, Your Honor, until he's released from jail.

{¶20} The presentence investigation report states that Mr. Stevens is not currently employed, but he receives Social Security Disability Income in the amount of $1,549.00 per month and Disability Insurance in the amount of $418.00 per month. Mr. Stevens' wife told the trial court judge at sentencing that the value of her lost home and its contents exceeded $200,000.00. In her victim impact statement, she reported losses in the amount of $222,690.99, which included the "loss of home not paid for by insurance, loss of property, physical and mental health out of pocket expenses, attorney fees, loss of income, etc." The trial court judge ordered restitution in the amount of $196,000.00 for the value of the home and furnishings destroyed by Mr. Stevens. The restitution order was journalized in Mr. Stevens' sentencing entry.

{¶21} Nonetheless, Mr. Stevens did not object to the restitution amount at sentencing and did not request a hearing to dispute the amount, pursuant to R.C. 2929.18(A)(1). *See State v. Sharier*, 9th Dist. No. 27421, 2015-Ohio-2629, ¶ 8. "If a defendant fails to object to the restitution order the court imposes, he forfeits any error in the court's order, save for a claim of plain error." *State v. Ford*, 9th Dist. Summit No. 26073, 2012-Ohio-1327, ¶ 6. Unlike the appellants in *Norris* and *Sharier*, Mr. Stevens has not argued plain error on appeal. *See Norris*, 2016-Ohio-1526 at ¶ 27; *see also Sharier* at ¶ 12. When an appellant does not develop a plain error argument in his brief, this Court will not create one on his behalf. *Grad*, 2016-Ohio-8388 at ¶ 18.

{¶22} Mr. Stevens' third assignment of error is overruled.

III.

{¶23} Mr. Stevens' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

9

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and JAMES M. PRICE, Assistant Prosecuting Attorneym, for Appellee.